■ In the Matter of the Claim of ISRAEL YUDA, Appellant, v ANCHOR MOTOR FREIGHT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 391] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June

18, 2001, which directed that claimant's medical and transportation expenses be audited and that claimant submit to an independent medical examination.

On April 13, 1990, claimant, a truck driver, sustained a work-related injury to his back and right arm. In October 1999, following years of litigation, a Workers' Compensation Law Judge (hereinafter WCLJ) ordered that claimant's medical and transportation expenses be audited by the employer's workers' compensation carrier, apparently to resolve a dispute regarding claimant's prescription bills and whether certain prescribed medication was for his work-related injuries. Thereafter, in July 2000, the WCLJ referred the matter to the Impartial Specialist Unit of the Workers' Compensation Board for an examination of claimant and a report on whether a discitis condition developed by claimant was causally related to an epidural steroid injection administered to treat his work-related injuries. Claimant requested review of the October 1999 and July 2000 decisions, both of which were affirmed by the Board in a joint decision. This appeal ensued.

Initially, we note that claimant has set forth no basis for why his medical and transportation expenses should not be audited or why he should not be ordered to submit to a medical examination by an impartial specialist (see Workers' Compensation Law § 19). As a result, the Board's determination in this regard will not be disturbed.

Claimant's arguments concerning improprieties before the WCLJ are equally without merit. Contrary to claimant's contentions, a full review of the record reflects that the WCLJ did not intimidate claimant or act as a "representative" of the carrier's attorney and exhibited no partiality in favor of the employer or its carrier. Moreover, the Board reviewed the entire record in affirming the WCLJ's rulings. That the WCLJ prevented claimant from conducting his cross-examination during the carrier's direct examination did not operate to deny claimant an opportunity to cross-examine witnesses.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.