■ In the Matter of the Claim of GERARD O'CONNOR, Appellant, v NEW YORK CITY BOARD OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 249]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 18, 2009, as amended by decision filed June 23, 2009, which directed that the parties document their positions with regard to claimant's medical and transportation expenses.

Claimant receives workers' compensation benefits and has engaged in a prolonged dispute with the employer over the appropriate amount of reimbursement for his medical and travel expenses. In November 2008, the employer was given a final opportunity to conduct a "full and complete audit of" the reimbursement claims and provide canceled checks showing

payment therefor, and was warned that it would be ordered to pay the full amount of reimbursement demanded by claimant if it failed to do so. The employer did not appeal from that decision and audited the newer claims for reimbursement, stated that it had paid all expenses based on bills received and payments made to the service providers and complained that claimant had failed to document the basis for the preexisting balance claimed by him. Moreover, the employer did not provide all canceled checks as required and, in 2009, was directed to pay the full amount sought by claimant. Upon review, the Workers' Compensation Board rescinded the 2009 decision, pointing to the failure of the parties to sufficiently document their arguments. It further modified the November 2008 decision (*see* Workers' Compensation Law § 123) to require them to provide detailed calculations and documentation supporting their positions, "item by item if necessary," on the appropriate amount of reimbursement due.

Claimant appeals and we affirm. Given the muddled state of the record before us, one that has been worsened by the passage of time, claimant's submission of new reimbursement claims and failure to document the basis for his earlier claims, all of which have played a role in the employer's difficulty in auditing the claims as a whole, we cannot say that the Board erred in directing the parties to set out their positions in detail so that meaningful review of them can occur (*see Matter of Yuda v Anchor Motor Frgt.*, 301 AD2d 759, 760 [2003]).

Spain, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.